1  ERSKINE & TULLEY
   A PROFESSIONAL CORPORATION
2  MICHAEL J. CARROLL (ST. BAR #50246)
   220 Montgomery Street, Suite 303
3  San Francisco, CA  94104
   Telephone:  (415) 392-5431
4  Facsimile:  (415) 392-1978

5  Attorneys for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 BOARD OF TRUSTEES OF THE SIGN,    )    NO.  C 07 3205 SC
   PICTORIAL & DISPLAY, et al.,      )
12                                   )
                       Plaintiffs,   )    DECLARATION OF POLLY BANEY
13                                   )    IN SUPPORT OF MOTION FOR
            vs.                      )    DEFAULT JUDGMENT
14                                   )
   PACIFIC CONVENTION SERVICES, etc., )
15                                   )
                       Defendant.    )
16 _____ )

17

18        I, POLLY BANEY, declare:

19        1.   I  am  employed  as  the  Fund  Manager  of  ALLIED

20 ADMINISTRATORS, 633 Battery Street, 2nd Floor, San Francisco, CA,

21 administrators of the SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE AND

22 PENSION TRUST FUNDS.   In that capacity I am custodian of and am

23 familiar with the books and records of the Trust Funds as they relate

24 to the defendant in this case.  If called as witness, I could testify

25 to all of the following facts from my personal knowledge.

26        2.    Exhibit 1 to the Hardeman Declaration is the collective

27 bargaining agreement to which defendant is bound.  Defendant has not

28 denied the execution of this contract, in fact defendant has paid

1 contributions to the Trust Funds as required by Exhibit 1 at Article

2 XVIII, pages 17-20.

3          3.    Exhibit 1 at Article XVIII, page 17 requires that the

4 contributions, in order to be received in a timely fashion, be paid

5 to the trust fund by the 15th day of the month in which the

6 contribution is due and in the event contributions are not received

7 in a timely manner liquidated damages will be assessed in an amount

8 equal of ten percent (10%) of the delinquent payment.

9          4.  Attached hereto and collectively marked as Exhibit 3 are

10 the pertinent portions of the Sign Industry Welfare and Pension Trust

11 Agreements.   See the October 8, 1984 Joint Resolution which provides

12 for liquidated damages at the rate of 20%, attorneys fees and court

13 costs in the event of suit.   These provisions comply with 29 U.S.C.

14 §1132(g).

15          5.    Every month my office sends to the defendant a

16 preprinted form listing all known covered employees of the defendant,

17 and the fringe benefit contribution rates for each of the funds.

18 The defendant then completes the reporting form by making corrections,

19 deleting employees who left the company, and adding the names of hired

20 employees.   The defendant then fills out the mathematical portion of

21 the report and totals up all sums due for that month.   This is the so-

22 called "self reporting method."

23          6.    Attached hereto as Exhibit 4 are computations of the

24 contributions, liquidated damages, and interest owed by the defendant.

25 These calculations include a payroll audit done by Hemming Morse which

26 is more fully described in the Declaration of Sean Dietterle and

27 Exhibit 2 to her declaration.

28          7.  All liquidated damages have been computed using the 20%

1  formula as called for in the Joint Resolution.

2          8.    Attached as Exhibit 5 are true and correct copies of

3  the reporting forms voluntarily completed and submitted to plaintiffs'

4  attorney  by the defendant for the months of February through August

5  2007.   The amounts of these reports match the contribution column of

6  Exhibit 4.

7          9.    In addition, interest has been computed on the unpaid

8  contributions at the rate of 10% from the due date of the 15th of the

9  month following the month the work was done to the date of the hearing

10 on this motion for default judgment, November 30, 2007.  (For example

11 contributions for March 2007 were due on April 15, 2007.   Between

12 April 15, 2007 and November 30, 2007 is 229 days.   Interest on the

13 contribution amount of $5,467.74 at the rate of 10% is a daily amount

14 of $1.50, which multiplied by 229 days equals the figure of $343.50.)

15 ////

16 ////

17 ////

18 ////

19 ////

20 ////

21 ////

22 ////

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

1        10.  The following summary of all sums due and owing can be

2 made:

3       <u>Principal</u>

4           Contributions                $24,778.77

5           Liquidated damages         $ 5,758.17

6           Interest                     $ 1,633.15

7     <u>Costs of Suit</u>               $   430.00

8     <u>Attorneys Fees</u>      TO BE DETERMINED BY COURT

9

10

11       I declare under penalty of perjury that the foregoing is

12 true and correct.

13       Executed on October 17, 2007 at San Francisco, California.

14

15                    POLLY BANEY

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF POLLY BANEY IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

4