PERTINENT PORTION OF THE

TRUST AGREEMENT

OF THE

SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE FUND

AGREEMENT AND DECLARATION OF TRUST

(as amended May 1, 1976)

THIS AGREEMENT AND DECLARATION OF TRUST, made as of the 1st day of September, 1952, by and between the EMPLOYERS and ASSOCIATIONS OF EMPLOYERS signatory hereto, and such other Employers and Associations of Employers who have executed certificates attached hereto, hereinafter collectively called the "Employers," and the SIGN, PICTORIAL AND DISPLAY UNION LOCALS signatory hereto, and such other Sign, Pictorial and Display Union Locals who have executed certificates attached hereto, hereinafter collectively referred to as the "Union," and six (6) individuals subscribing hereto as TRUSTEES OF THE SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE FUND, hereinafter referred to as the "Trustees".

WHEREAS, the Employers and the Union have through the process of collective bargaining agreed that the Employers shall contribute to the Sign, Pictorial and Display Industry Welfare Fund a sum of money, measured by the number of straight-time hours worked by each eligible employee, for the purpose of enrolling said eligible employee in the plan detailed in Appendix A attached, and

WHEREAS, the Employers and the Union have agreed to create a joint trusteeship providing for equal Employer and Union representation to direct, control and manage the Fund for the purposes set forth herein, and

WHEREAS, said Trustees subscribing hereto have agreed to act as such and have agreed to delegate the normal functions of administration to a paid administrator named in a certificate of authorization attached hereto;

NOW, THEREFORE, in consideration of the mutual promises and covenants of the undersigned and each of them, it is hereby agreed as follows:

W I T N E S S E T H:

ARTICLE I.   NAME OF TRUST

This Trust shall be known as the SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE FUND, hereinafter called the "Fund."

ARTICLE II.   CONTRIBUTIONS

Section 1. Effective on the 1st day of September, 1952, and on the first day of each month thereafter, the individual Employers participating in this Trust Agreement shall be obligated

-1-

to contribute to the Fund, in a manner approved by the Trustees, the straight-time hourly amount specified in the applicable collective bargaining agreement between said individual Employers and the Union for each eligible employee, as defined in Appendix B attached hereto.

Section 2. Payment addressed to the Fund shall be forwarded to: Office of the Trustees, Sign, Pictorial and Display Industry Welfare Fund, c/o Allied Administrators, 220 Montgomery Street, San Francisco, CA 94104, or such other address as the trustees shall from time to time designate, on or before the 10th day of each month, commencing with the September 1952 payment, due and payable on or before the 10th day of October, 1952. Said payment shall be accompanied by a statement in such form as the Trustees may require, showing the names of the employees with respect to whom payment is made.

## ARTICLE III. TRUSTEES

Section 1. The Fund shall be controlled and administered by six (6) Trustees, three (3) appointed by the Employers in a manner agreed upon by themselves, and three (3) appointed by the Union. Notwithstanding the foregoing, said Trustees acting as a Board shall have the right to delegate to an administrator by an instrument enumerating his duties and responsibilities the normal functions of administering the Fund, subject to the control and direction of said Trustees.

Section 2. The Trustees shall select by majority vote from among their number a Chairman and a Secretary-Treasurer, provided that these two offices shall always be equally divided between the Union and the Employers.

Section 3. Any Trustee may resign from office by giving thirty (30) days' notice to the Trustees and to the party who designated him as Trustee. Such notice shall be effective when delivered in person, or when deposited in the United States mail addressed to such parties, postage prepaid. Recognition may become effective prior to the expiration of the thirty (30) day period by consent of the Trustees and party, or parties, entitled to replace the resigning Trustee.

Section 4. In the case of a vacancy among the Employer Trustees for any reason, the successor may be named, forthwith, by the party or parties which initially designated the Trustee. In the case of a vacancy among the Union Trustees for any reason, a successor may be appointed, forthwith, by the Union.

Section 5. An Employer group, having initially appointed a Trustee, may terminate the designation of such appointed Trustee by making or delivering to such Trustee, the remaining Employer Trustees and the Union Trustees a true copy of the appropriate

(Sign, Pictorial & Display
Industry Welfare Fund)

## ARTICLE VIII.   ADDITIONAL SUBSCRIPTION

Section 1.  Any Employer who is a party to a collective bargaining agreement with the Union signatory hereto may become a party to this Trust Agreement upon approval of the Board of Trustees and upon executing the Subscriber Employer's Agreement set forth in Appendix C attached hereto.  Such subscriber Employers shall be bound by all the terms and provisions of this Trust Agreement and shall be entitled to all the benefits thereof, except that such subscriber Employers shall not be entitled to participate in the appointment or removal of any Trustee, or in the amendment or alteration or extension of this Trust Agreement, without the express and formal approval of the Board of Trustees.

Section 2.  It is further agreed that any Employer signatory hereto or any Employer a subscriber hereto may, upon application to and acceptance by the Trustees, include as eligible employees hereunder other employees of such Employer comprising the Employer's key organization, such as office personnel, superintendents and similar positions, even though such employees are not members of the participating Union.

## ARTICLE IX.   TERMINATION AND AMENDEMENT

Section 1.  This Trust Agreement shall be in full force and effect, commencing September 1, 1952, and shall continue in effect with respect to a subscriber or signatory hereto in accordance with the appropriate collective bargaining agreement governing the Employer and the Union.  If neither party hereto serves written notice of its desire to terminate this Trust Agreement, not more than ninety (90) days nor less than sixty (60) days prior to the date of termination hereof, it shall be deemed to be renewed for the succeeding year and from year to year thereafter in like manner.

Section 2.  Notwithstanding the foregoing, the provisions of this Agreement may be amended at any time, with the exception of increasing the hourly contribution, by an instrument in writing executed by the Trustees, provided that no amendment shall alter the purpose of the Trust or divert funds to any use other than for the exclusive benefit of eligible employees, their beneficiaries, or for the legitimate costs of this Trust.

Section 3.  The Employers and the Union shall have the right at any time, by an instrument in writing duly signed and delivered to the Trustees, to modify, alter or amend this Agreement in whole or in part, with the exception of increasing the hourly contribution, for the purpose of carrying out the express provisions of the plan or providing insurance for eligible employees designated herein; provided, however, that the duties, powers and liabilities of the Trustees hereunder shall not be substantially increased or altered without their written consent.

-8-

(Sign, Pictorial & Display
Industry Welfare Fund)

Section 4. Upon the termination of the Trust herein provided, any and all monies or other assets remaining in the Fund, after the payment of all expenses and obligations of the Fund and the Trust, shall be expended and used for the continuance of one or more benefits of the type provided by the Fund for the benefit of eligible employees herein specified until such monies have been exhausted. The decision in respect to the coverage afforded to these employees shall be vested in the Trustees.

IN WITNESS WHEREOF, the parties hereto have set their hands this _____ day of August, 1952.

FOR THE UNION:

SIGN, PICTORIAL AND DISPLAY UNION
LOCAL 510

By____R. H. WENDELT____

LOCAL 878

By____B. R. TOOKE____

FOR THE EMPLOYERS:

By____HENRIETTA ROBINSON____

By____GEO. A. ROSE____

By____PAUL E. STEPHENS____

By_____

TRUSTEES DESIGNATED BY THE UNION:

____R. H. WENDELT____

____B. R. TOOKE____

____VAUGHN CHRISTEL____

TRUSTEES DESIGNATED BY THE EMPLOYER:

____HENRIETTA ROBINSON____

____GEO. A. ROSE____

____PAUL E. STEPHENS____

-9-

THIRD AMENDMENT OF
AGREEMENT AND DECLARATION OF TRUST
FOR THE
SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE FUND

WHEREAS, the Trustees of the Sign, Pictorial and Display Industry Welfare Fund (the "Welfare Fund") agreed at a meeting held on April 13, 1992 to reaffirm their practice of maintaining certain due dates for contributions to the Welfare Fund for in-state and out-of-state employers, to continue the Trustees' practice of assessing liquidated damages at twenty percent (20%) of the amount of any delinquent payment and to provide for waiver of such damages for good cause (as determined by the Trustees in their sole discretion) subject to such restrictions as the Trustees may determine; and

WHEREAS, the Trustees resolved at their meeting on April 13, 1992 to amend the Agreement and Declaration of Trust (the "Agreement") to reflect their practice with respect to contribution due dates and treatment of delinquent contributions; and

WHEREAS, the Trustees retain the power to amend the Agreement pursuant to Article IX, Section 2, thereof;

NOW, THEREFORE, Article IX, Section 2, of the Agreement is amended in its entirety to read as follows:

> Payment addressed to the Fund shall be forwarded to such address as the Trustees shall from time to time designate. With respect to employers whose principal place of business is in the State of California, each payment shall be made so as to be received by the Trustees on or before the 15th day of each month. With respect to employers whose principal place of business is outside the State of California, each payment shall be made so as to be received on or before the 20th day of each month. The Trustees shall take all necessary or advisable steps to enforce contributions to the Fund by Employers in accordance with collective bargaining agreements and with this Agreement and Declaration of Trust. The Trustees may assess liquidated damages with respect to delinquent or unpaid contributions in such amounts as the Trustees may from time to time establish to compensate the Fund for losses caused by such delinquency or nonpayment. The Trustees may establish such

procedures as they may determine in their sole discretion to be reasonable or necessary to provide for waiver of any due date or liquidated damages under this Section.

IN WITNESS WHEREOF, the Trustees have executed this Amendment on October 12, 1992.

| UNION TRUSTEES | EMPLOYER TRUSTEES |
|---|---|
| _/s/_ | _/s/_ |
| _____ | _____ |
| _____ | _____ |

PERTINENT PORTION OF THE

TRUST AGREEMENT

OF THE

SIGN, PICTORIAL AND DISPLAY INDUSTRY PENSION TRUST FUND

<u>SIGN, PICTORIAL AND DISPLAY INDUSTRY PENSION TRUST FUND</u>

<u>AGREEMENT AND DECLARATION OF TRUST</u>

(as amended May 1, 1976)

WHEREAS the Sign, Pictorial and Display Industry Pension Trust Fund was established on May 1, 1957, and has been maintained continuously since such time; and

WHEREAS the provisions of said Trust Fund must be modified and changed to meet the requirements of the Employee Retirement Income Security Act;

NOW, THEREFORE, the undersigned Employer Trustees and Union Trustees hereby agree to adopt the changed and modified Trust set forth below, effective May 1, 1976.

THIS AGREEMENT AND DECLARATION OF TRUST is made by and between the undersigned Employer Trustees and Union Trustees (hereinafter collectively called "the pension committee") who, together with successor Trustees and additional Trustees, are designated in the manner hereinafter provided.

WHEREAS certain Locals affiliated with the Western Conference of Sign, Pictorial and Display Artists Union have now and will hereafter have in effect agreements with certain Employers requiring payments by the Employers into a trust fund for the purpose of providing and maintaining retirement and termination benefits for certain employees and their beneficiaries; and

WHEREAS each such Local Union (hereinafter called "Union") and each such Employer (hereinafter called "the Employer") who accepts the Agreement and Declaration of Trust and agrees to be bound by the provisions hereof shall, upon acceptance by the Trustees, be deemed a party to this Agreement and Declaration of Trust; and

WHEREAS to effect the above-mentioned purpose, it is the intent of the parties to establish and maintain a trust fund to conform to the applicable requirements of the Labor-Management Relations Act of 1947, as amended, to constitute a "qualified trust" and an "exempt trust" under the 1954 Internal Revenue Code, Sections 401-404, 501(a), and other pertinent provisions thereof, to comply with the California Revenue and Taxation Code, Sections 17501-17523, and to conform to Section 7(d)(4) of the Fair Labor Standards Act of 1938, as amended;

NOW, THEREFORE, in consideration of the mutual covenants of the undersigned and each of them, and to provide for the establishment and maintenance of said Trust fund, to be known as the "SIGN, PICTORIAL AND DISPLAY INDUSTRY PENSION TRUST FUND", it is hereby agreed as follows:

ARTICLE I - DEFINITIONS

Section 1.  Union

The term "Union" as used herein shall include Local 510, Sign, Scene, Pictorial and Displaymen's Union; Local 878, Sign, Pictorial and Display Union; Local 484, Sign, Scene and Pictorial Display Union; Local 828, Sign and Pictorial Painters, and such other Locals of the Sign, Scene, Pictorial and Display Union who have a pension agreement in effect with the Employers who are accepted by the pension committee as provided herein, and who agree to be bound by this Agreement and Declaration of Trust.

Section 2.  Employer

The term "Employer" as used herein shall include any association, individual, partnership or corporation in the outdoor-advertising field, electrical-advertising business, commercial-sign industry, or display and show-card field who have a pension agreement in effect with the Union, who are accepted by the pension committee as provided herein, and who agree to be bound by this Agreement and Declaration of Trust.

The Union may be considered within the scope of the term "Employer" solely and exclusively for the purpose of making "Employer contributions" as defined herein on behalf of full-time employees of the Union who are simultaneously members of the Union and permitting such employees to be members of the plan on the same basis as other employees, and counting simultaneous membership in the Union and full-time employment by the Union as credited service under the plan.  In this capacity as an Employer, the Union shall have no other rights, privileges or powers as an Employer under this Trust Agreement or Pension Plan.  Any special rules or regulations adopted by the pension committee for application to the Union as an Employer or its member-employees shall not be inconsistent with the Pension Plan.

Section 3.  Employee

The term "employee" as used herein shall mean any employed person on whose account an Employer is required to make Employer contributions into said trust fund, or for whom an Employer previously made such contributions, and who is eligible for benefits to be provided in accordance with the terms of this Agreement and Declaration of Trust.

Section 4.  Pension Committee

The term "pension committee" as used herein shall include an

- 2 -

equal number of Employer and Union representatives designated as provided in Article III.

Section 5.  Trustee

The term "trustee" as used hereafter shall mean any sound corporate banking institution selected as co-trustee as provided in Article IV, Section 4, acting in accordance with and upon direction of the pension committee to hold funds received hereunder, together with the increase, earnings and profits thereon, to invest and reinvest the pension fund, and to make payments from the pension fund.

Section 6.  Agreement and Declaration of Trust

The term "Agreement and Declaration of Trust" as used herein shall mean this instrument as established by the undersigned, including all amendments and modifications hereto.

Section 7.  Trust Fund

The term "trust fund" as used herein shall mean the Sign, Pictorial and Display Industry Pension Trust Fund created and established in Article VI, Section 1.

Section 8.  Pension Plan

The term "pension plan" as used herein shall mean the retirement plan and amendments thereto for the Sign, Pictorial and Display Industry, as established and reduced to writing by the pension committee.

Section 9.  Employer Contributions

The term "employer contributions" as used herein shall mean payments made to the trust fund by the Employer under the terms of a pension agreement.

Section 10.  Pension Agreement

The term "pension agreement" as used herein shall mean any agreement made by any Employer with the Union which provides, among other things, for Employer contributions to the trust fund.

Section 11.  Acceptance by the Pension Committee

The term "acceptance by the pension committee" as used herein

committee, the committee shall make provision out of the trust fund for payment of expenses incurred up to date of termination, as well as the expenses incident to such termination, provide a procedure under the plan for discontinuance of the trust fund in accordance with the purposes of the trust, and arrange for a final audit and report of the committee's transactions and accounts for the purpose of terminating the trusteeship.

Section 4.  Modification

This Agreement and Declaration of Trust may be modified or amended from time to time by the pension committee, except that no modification shall divert the trust fund as constituted immediately prior thereto or any part thereof to a purpose other than set forth herein, nor shall there be any modification as the result of which there would be an unequal number of Union and Employer pension-committee members, nor shall any action be undertaken which causes the trust to lose its exempt and qualified status, as recited in "Whereas" paragraph fourth.

Section 5.  Notice of Modification or Termination

Any proposed modification or termination action by the pension committee or any of its members shall be submitted to each member of the pension committee in writing ten (10) days before the date of the meeting at which the modification or termination will be considered.  A copy of such modification or termination shall, upon passage by the pension committee, be forwarded to each Union, to each Employer group, to the insurance company, if any, and to the trustee.

ARTICLE IX - SITUS AND CONSTRUCTION OF THE TRUST

This trust is accepted by the trustees of this trust, more often referred to herein as members of the pension committee, in the State of California, and all questions pertaining to its validity, construction and administration shall be determined in accordance with the laws of said State.

IN WITNESS WHEREOF, the trustees have affixed their signatures as of the day and year first above written at San Francisco, California.

UNION TRUSTEES

_____
Ivor Heskett

_____
Alice Kane

_____
Fritz Dreislien

_____
Albert Rodrigues

EMPLOYER TRUSTEES

_____
Laurence P. Corbett, Secretary

_____
George Rose

_____
William W. Ward, II

_____
William W. Ward, III


# FIRST AMENDMENT TO
## AGREEMENT AND DECLARATION OF TRUST

WHEREAS, a meeting of the Trustees of the Sign, Pictorial and Display Industry Pension Trust Fund, as defined in the Agreement and Declaration of Trust dated May 1, 1957, as amended, was duly called in accordance with the provisions of Article V of said Agreement; and

WHEREAS, said Trustees did amend the provisions of said Agreement and Declaration of Trust in accordance with the provisions of Article VIII, Sections 4 and 5, of said Agreement;

NOW, THEREFORE, said Trustees set forth by this instrument in writing this amendment to said Agreement and Declaration of Trust, which does not alter the purpose of said Trust or divert funds to any use other than for the exclusive benefit of eligible employees, their beneficiaries, or for the legitimate costs of this Trust.

Article IV, Section 1, shall be amended by adding the following:

"The Pension Committee shall have the authority to establish procedures for the collection of delinquent accounts and shall have the power to order an audit of the payroll and other relevant records of participating employers on a random basis or in cases where a question may exist as to the accuracy of an employer's contribution reports or an employer's failure to make such reports. The Trust Fund shall bear the cost of such audit for de minimis errors, but if a discrepancy is ten percent (10%) above what the employer has indicated is owing or has paid and/or reported, the employer shall pay the entire cost of the audit.

The Pension Committee shall have the power to designate the City and County of San Francisco as the specific place of venue for bringing actions to enforce collection of benefit contributions and liquidated damages owed to the Fund. The Pension Committee shall also have the power to specify that, in any action to enforce collection of benefit contributions and liquidated damages, the Fund shall recover from the employer attorneys' fees, court costs, interest, and other non-reimbursement expenses incurred in the collection process."

IN WITNESS WHEREOF, the undersigned Trustees have duly ratified the amendment set forth above and have fixed their hands on this 19th day of November, 1982.

| UNION TRUSTEES | EMPLOYER TRUSTEES |
|---|---|
| /s/ [signature] | /s/ [signature] |
| /s/ Michael E. [signature] | /s/ [signature] |
| /s/ [signature] | |
| A.K. | |

cc: Corbett 3/15/83

## JOINT RESOLUTION

1. Each contribution to the Health Fund and/or the Pension Fund shall be made promptly to the custodian designated by the Trustees of the Health Fund and/or the Pension Fund, and in any event on or before the 15th day of the calendar month in which such contribution becomes due and payable, on which date such contribution, if not then paid in full, shall become delinquent.

Payments shall be accompanied by complete reports on forms approved by the Trustees of the Funds. The employer may be compelled by the Trustees or their assignee by way of subpoena, civil discovery, or other proceeding to prepare and file with the Funds proper reports for any period for which the employer has previously failed to file.

The parties recognize and acknowledge that the regular and prompt payment of employer contributions to the Funds is essential to the maintenance of the Pension Plan and the Health Plan and that it would be extremely difficult, if not impracticable, to fix the actual expense the failure of an individual employer to pay such monthly contributions in full within the time above provided. Therefore, the amount of damage to the Pension Plan and the Health Plan resulting from any such failure shall be presumed to be the sum of twenty percent (20%) of the gross amount due and owing, which amount shall become due and payable to the Fund or Funds as liquidated damages and not as a penalty upon the day immediately following the date on which this contribution or contributions becomes delinquent, and shall be in addition to said delinquent contribution or contributions.

2. In circumstances where the Trustees find it necessary to resort to legal action or other collection procedures, the delinquent employer shall be additionally liable without limitation for court costs, arbitration fees, costs or fees of collection agents, interest, and auditing fees, together with all reasonable attorneys' fees and reasonable compensation for employees or agents of the Funds incurred in connection therewith.

3. A copy of this Joint Resolution shall be distributed by regular mail to each signatory employer at his or her address as shown on the records of the Funds and shall constitute notice to said employer of the action taken herein and the effective date of January 1, 1985, at which time this liquidated damages provision shall become enforceable.

UNANIMOUSLY ADOPTED THIS 8TH DAY OF OCTOBER, 1984.

SIGN, PICTORIAL AND DISPLAY
INDUSTRY HEALTH PLAN

By _____
       Chairperson

By _____
       Secretary

SIGN, PICTORIAL AND DISPLAY
INDUSTRY PENSION PLAN

By _____
       Chairperson

By _____
       Secretary

THIRD AMENDMENT OF
AGREEMENT AND DECLARATION OF TRUST
FOR THE
SIGN, PICTORIAL AND DISPLAY INDUSTRY PENSION FUND

WHEREAS, the Trustees of the Sign, Pictorial and Display Industry Pension Fund (the "Pension Fund"), acting as the Pension Committee (the "Committee") pursuant to the Agreement and Declaration of Trust for the Sign, Pictorial and Display Industry Pension Fund (the "Agreement"), agreed at a meeting held on April 13, 1992 to reaffirm their practice of maintaining certain due dates for contributions to the Welfare Fund for in-state and out-of-state employers, to continue the Committee's practice of assessing liquidated damages at twenty percent (20%) of the amount of any delinquent payment and to provide for waiver of such damages for good cause (as determined by the Committee in its sole discretion) subject to such restrictions as the Committee may determine; and

WHEREAS, the Committee resolved at its meeting on April 13, 1992 to amend the Agreement to reflect its practice with respect to contribution due dates and treatment of delinquent contributions; and

WHEREAS, the Committee retains the power to amend the Agreement pursuant to Article VIII, Section 4, thereof;

NOW, THEREFORE, the members of the Committee hereby waive notice of amendment of the Agreement pursuant to Article VIII, Section 5 thereof and the Committee hereby amends Article IV, Section 5, of the Agreement in its entirety to read as follows:

> Payment addressed to the Fund shall be forwarded to such address as the Trustees shall from time to time designate. With respect to employers whose principal place of business is in the State of California, each payment shall be made so as to be received by the Trustees on or before the 15th day of each month. With respect to employers whose principal place of business is outside the State of California, each payment shall be made so as to be received on or before the 20th day of each month. The pension committee shall take all necessary or advisable steps to enforce contributions to the Fund by Employers in accordance with collective bargaining agreements and with this Agreement and Declaration of Trust. The Committee may assess liquidated damages with respect to delinquent or unpaid contributions in such amounts as the Committee may from time to time establish to compensate the Fund for

losses caused by such delinquency or nonpayment. The Committee may establish such procedures as it may determine in their sole discretion to be reasonable or necessary to provide for waiver of any due date or liquidated damages under this Section.

IN WITNESS WHEREOF, the Trustees, acting as the Committee, have executed this Amendment on July 12, 1992.

UNION TRUSTEES

*[signatures]*

EMPLOYER TRUSTEES

*[signatures]*